NAVARRO JS 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requ
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for
use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
24 HOUR PROFESSIONAL JANITORIAL SERVICES, L P

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant __KAUFMAN__
(IN U.S PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
KERI MALLON, TRIAL ATTORNEY
EEOC-Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202   (214) 655-3332

Attorneys (If Known)

SEP 30 2002

**3 02 CV-2108 H**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| **X** 1  U S Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U S Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Pla
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reapportionmen |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med  Malpractice | ☐ 625 Drug Related Seizure | ☐423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R R  & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐820 Copyrights | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐830 Patent | ☐ 850 Securities/Commoditie |
| (Excl  Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐840 Trademark | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐862 Black Lung (923) | ☐ 892 Economic Stabilizatio |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt  Relations | ☐863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matter |
| | | | | ☐864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting | ☐865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | **X** 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | | ☐870 Taxes (U S  Plaintiff | Determination Under E |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl  Ret  Inc | ☐871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Action |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

**X** 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to Dis Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause
Do not cite jurisdictional statutes unless diversity )

This cause of action is brought pursuant to Title VII of Civil Rights Act of 1964 to correct unlawful employment pratices 24 Hour Professional Janitorial Services violated Title VII of Civil Rights Act
1964, as amended, by failin to hire or retain Ms  Ruffin and Mr  Everitt because of their race (Black)  Defendants violated Section 703(a) of Title VII, 42USC Section 2000e-2

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  9/30/02

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,     } | |
|     } | **CIVIL ACTION NO.** |
| Plaintiff,     } | |
|     } | |
| v.     } | **COMPLAINT** |
| 24 HOUR PROFESSIONAL JANITORIAL SERVICES, L.P.     } | **3 0 2 C V - 2 1 0 8 H** |
|     } | **(JURY DEMANDED)** |
| Defendant.     } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Parties, Felicia Ruffin and Anthony Everitt. The Commission alleges that the Defendant, 24 Hour Professional Janitorial Services, L.P. (hereafter "Professional Janitorial"), violated Title VII of the Civil Rights Act of 1964, as amended, by failing to hire or retain Ms. Ruffin and Mr. Everitt  because of their race (Black).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

**COMPLAINT**                                                                                   1

## PARTIES

3.　　Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4.　　At all relevant times, Defendant, Professional Janitorial, has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5.　　At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.　　More than thirty days prior to the institution of this lawsuit, Ms. Ruffin and Mr. Everitt filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.　　Beginning about March 2001, Defendant discriminated against Ms. Ruffin and Mr. Everitt in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2. Specifically, Defendant failed to hire or retain Ms. Ruffin and Mr. Everitt because of their race (Black).

8.　　The effect of the practices complained of above has been to deprive Ms. Ruffin and Mr. Everitt of equal employment opportunities because of their race (Black).

9.　　The unlawful employment practices complained of in paragraph 7, above, were intentional.

10.　　The unlawful employment practices complained of in paragraph 7, above, were done

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2

with malice or reckless indifference to the federally protected rights of Ms. Ruffin and Mr. Everitt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, Professional Janitorial, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates in violation of Title VII and, specifically, from failing to hire or retain employees because of their race in violation of Title VII.

B.      Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant to make whole Ms. Ruffin and Mr. Everitt by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to hiring Ms. Ruffin and Mr. Everitt.

D.      Order the Defendant to make whole Ms. Ruffin and Mr. Everitt by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety and loss of enjoyment of life, in amounts to be determined at trial.

E.      Order the Defendant to make whole Ms. Ruffin and Mr. Everitt, by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 , above, in amounts to be determined at trial.

**COMPLAINT**                                                                                                3

F.    Order the Defendant to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

NICHOLAS M. INZEO
Acting Deputy General Counsel


ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 0117821


SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


KERI L. MALLON
Trial Attorney
Colorado Bar No. 27392

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas  75202
(214) 655-3332
(214) 655-3331 (FAX)

**COMPLAINT**                                                                     4